ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7108
    Fax: (415) 436-7027
    Roland.Chang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-00476 CRB |
| Plaintiff, | |
| v. | [~~PROPOSED~~] DETENTION ORDER |
| NOAH TAKODA SULEYMAN | |
| Defendant. | |

On August 21, 2024, the defendant Noah Takoda Suleyman was charged by indictment with one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). This matter came before the Court on November 18, 2024, for a detention hearing. The defendant was present and represented by Dylan Hackett of The Hackett Law Firm. Assistant United States Attorney Roland Chang appeared for the government. Pretrial Services prepared a pre-bail report. The government moved for detention and filed a memorandum in support of its motion (Dkt. 14), and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention. In addition, the defendant, the defendant's father, and the defendant's aunt provided further information for the Court.

Upon consideration of the Pretrial Services report, facts, the court file, proffers and arguments

presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the minor victim in this case and the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

1. The defendant poses a continued danger to the minor victim in this case, either through in-person or electronic contact.

2. The defendant engaged in incredible and extraordinary efforts to contact the minor victim in this case. First, he drove over 300 miles from his residence in South Carolina to have sexual intercourse with the victim while she was visiting extended family in North Carolina. Second, the defendant drove across the country to remove the minor victim from her parents' residence in Santa Rosa, California.

3. The defendant engaged in obstructive conduct prior to being charged federally, including lying to federal agents who interviewed him regarding the minor victim's whereabouts. While in jail, the defendant requested that his mother contact the minor victim.

4. The defendant attempted to circumvent law enforcement detection and investigation, which indicates that he will likely do the same with electronic monitoring if released in this case. Here, for example, the defendant deleted messages from his social media accounts, avoided toll cameras on his drive from South Carolina to California, and burned physical maps.

5. Because the defendant will need to travel from South Carolina to California regularly for court appearances, he will have access to the Internet, which is everywhere, thereby providing him with opportunities to contact the minor victim.

6. The proposed custodians, who are the defendant's family members, are insufficient as these individuals will need to go to sleep. Given the defendant's repeated contact with the minor victim prior to his arrest, as well as substantial and repeated attempts to contact the minor victim after arrest, the Court is concerned about any physical, electronic, or indirect contact between the defendant and the minor victim.

7. The Court acknowledges the willingness of the defendant's father to serve as a custodian. However, the defendant poses a danger to the minor victim 24 hours a day, 7 days a week. Thus, no conditions that the Court could impose would sufficiently protect the minor victim and the community.

These findings are made without prejudice to the defendant's right to seek review of the defendant's detention, or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 11, 2024

HON. THOMAS S. HIXSON
United States Magistrate Judge