CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
NEHA NIGAM (ILBN 6327377)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6844
Fax: (415) 436-7200
Roland.Chang@usdoj.gov
Neha.Nigam@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOAH TAKODA SULEYMAN,<br><br>Defendant. | Case No. 24-CR-00476-CRB<br><br>**UNITED STATES' SUR-REPLY TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**<br><br>Hearing Date: February 11, 2026<br>Hearing Time: 10:00am<br>Courtroom: 6, 17th Floor<br>Hon. Charles R. Breyer |

## I. INTRODUCTION

The Court should deny Defendant's request to deem the government's opposition as a bill of particulars because the government has plainly provided sufficient notice of its prosecution theories through the indictment, extensive discovery, and briefing. Separately, the Court should reject Defendant's attempt to shoehorn a motion to exclude into a reply brief for a motion for a bill of particulars, which is both procedurally and legally deficient.

//

//

## II. THE COURT SHOULD NOT DEEM GOVERNMENT'S OPPOSITION AS A BILL OF PARTICULARS

Defendant's novel argument that the government's opposition should be deemed as a bill of particulars is unavailing. A bill of particulars is a formal document that is filed when there is a basis to do so—as granted by the Court. As the Ninth Circuit explained, the purpose of a bill of particulars is:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). A bill of particulars is "not a discovery tool or a device to allow the defense to preview the government's evidence." *United States v. Akroush*, No. 1:15-cr-00286-DAD-BAM, 2019 WL 2391808, at *4 (E.D. Cal. June 6, 2019). "A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

Defendant's motion and reply demonstrate that Defendant is not seeking the nature of the charges against him. Rather than seeking sufficient notice of the charge—the purpose of a bill of particulars and the stated basis for Defendant's original motion—Defendant now seeks to preclude the government from presenting one of its legal theories of the case. Defendant's pivot to preclusion of a legal theory and his argument that the government's opposition brief should be deemed a bill sidesteps the permissible reasons to seek a bill of particulars: to obtain notice of the charges, to avoid surprise at the time of trial, and to avoid double jeopardy. Tellingly, Defendant does not argue that any of these reasons apply. Rather, 14 pages of his 16 page reply focus on matters not germane to a bill of particulars.

Defendant has in effect conceded through its reply that a bill of particulars is not warranted. Such concession is wise as Defendant cannot demonstrate the need for a bill of particulars given the disclosures the government has made through the indictment, discovery, and briefing. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (noting that courts assessing motion for a bill of particulars consider the indictment, discovery, and any other disclosures by the government, such as through

briefing); *see also United States v. Ramos-Lopez*, 349 F. App'x 166, 168 (9th Cir. 2009) (affirming denial of a bill of particulars when defendant did not contest the sufficiency of discovery and indictment detailed the charges). In this case, the government has provided Defendant with more than sufficient notice of its theories of the case through the indictment, voluminous discovery productions, and pre-trial briefing. *See generally* Dkt. 47; *see also Giese*, 597 F.2d at 1180 (stating that full discovery "obviates the need for a bill of particulars.")

## III. THE COURT SHOULD DENY DEFENDANT'S MOTION TO EXCLUDE

Even if the Court decides a bill of particulars is warranted, it certainly does not extend to a preclusion of any legal theories. Simply put, the Court should not accept the invitation to transform a motion for a bill of particulars to a motion to preclude a legal theory given that it is only presented in the reply, not ripe, and not fully briefed.

First, the motion is not properly before the Court. Here, the government opposed a motion for a bill of particulars. Instead of responding to these arguments, Defendant's reply asserts a whole host of new issues not included in its original motion that should be stricken and not considered by the Court. Defendant claims that the government's filing "teed up" this issue, which necessitated a response now. But a bill of particulars is only warranted to put a defendant on notice of the government's legal theories of the case, not to assess the validity of such theories.

Second, the arguments raised by Defendant's reply are premature. Defendant argues that the Court should preclude the government from a legal theory. This argument is not dispositive, even if successful, because the government has another theory (as presented in its opposition) to sustain the offense charged.

Third, the government disagrees with Defendant's characterization of the law regarding the challenged theory. Defendant argues that he cannot be guilty of violating 18 U.S.C. § 2422(b) for coercing and enticing a minor victim residing in California to engage in sexual activities that would be legal in the state in which they were intended to occur. But the Ninth Circuit has explicitly held that the relevant test is whether the conduct was criminal in California. *See United States v. Tello*, 600 F.3d 1161, 1162 (9th Cir. 2010) (affirming a defendant's conviction because he "could have been convicted of a criminal offense under California law, even if he intended to engage in sexual activity with the

minor only after returning to Arizona"). Defendant does not dispute that the sexual activities would have been criminal in California.

Further, it is well established that California has jurisdiction over matters such as this one. As in *Tello*, California's jurisdiction here arises from the more than "de minimis" acts taken by the Defendant in California. *Id*. at 1166 (noting that the defendant's acts of driving the girls across the state "constitute sufficient conduct to establish California's jurisdiction over his crimes . . . These acts were not de minimis; they furthered the completion of the charged offenses by removing the girls from the protection of their mother and providing defendant with opportunities to be alone with them.") Defendant sent sexually explicit messages to the minor victim, a California resident, that persuaded, coerced, induced, and enticed her to engage in sexual activity. He then took the victim away from her California home in the middle of the night, without the knowledge or consent of her parents, and drove her thousands of miles across the country to South Carolina. This conduct is precisely the type that *Tello* intended to criminalize, because California "has a legitimate interest in protecting its residents from criminal conduct." *Id*.

At a minimum, the Court should order Defendant to file a properly noticed motion and permit the government the opportunity to respond so it has the benefit of full briefing in the matter.

## IV. CONCLUSION

Because Defendant has sufficient notice of the charges against him and he cannot shoehorn a motion to exclude a legal theory into a reply to a motion for a bill of particulars, the Court should deny the motion.

DATED: February 9, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Neha Nigam*
NEHA NIGAM
ROLAND CHANG
Assistant United States Attorneys