CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

May 21 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOAH TAKODA SULEYMAN,<br><br>Defendant. | CASE NO. 24-CR-00476 CRB<br><br>VIOLATIONS:<br>18 U.S.C. §§ 2252(a)(2) and (b)(1) – Receipt of Child Pornography;<br>18 U.S.C. § 2422(b) – Coercion and Enticement of a Minor;<br>18 U.S.C. §§ 2253(a) and 2428 – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE |

## SUPERSEDING INFORMATION

The United States Attorney charges:

**COUNT ONE**: (18 U.S.C. §§ 2252(a)(2) and (b)(1) – Receipt of Child Pornography)

On or about May 19, 2024, in the Northern District of California, the defendant,

NOAH TAKODA SULEYMAN,

did knowingly receive a visual depiction, using a means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and which visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

**<u>COUNT TWO</u>**: (18 U.S.C. § 2422(b) – Coercion and Enticement of a Minor)

On or about February 29, 2024 and continuing through on or about May 30, 2024, in the Northern District of California and elsewhere, the defendant,

NOAH TAKODA SULEYMAN,

using any facility and means of interstate and foreign commerce, to wit, the Internet and a cellular phone, did knowingly persuade, induce, entice, and coerce and did knowingly attempt to persuade, induce, entice, and coerce Minor 1, a person he believed had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, such as Unlawful Sexual Intercourse: Minor More Than Three Years Younger, in violation of California Penal Code Section 261.5(a) and (c); Oral Copulation With Person Under the Age of 18 Years, in violation of California Penal Code Section 287(b)(1); and Contacting and Communicating, and Attempting to Contact and Communicate, with a Minor with Knowledge and Intent to Commit Oral Copulation With Person Under the Age of 18 Years, in violation of California Penal Code Section 288.3(a), all in violation of Title 18, United States Code, Section 2422(b).

<u>FORFEITURE ALLEGATIONS</u>: (18 U.S.C. §§ 981, 2428, and 2253)

The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, sections 981, 2428, AND 2253.

Upon conviction of any offense in violation described in Count One above, the defendant,

NOAH TAKODA SULEYMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, section 2253: (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. This property to be forfeited includes, but is not limited to, a forfeiture money judgment and the following:

a. One Samsung Galaxy S22 cellular phone.

Upon conviction of any offense in violation described in Count Two above, the defendant,

NOAH TAKODA SULEYMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, sections 981(a)(1)(C) and 2428(a), and Title 28, United States Code, section 2461, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense. This property to be forfeited includes, but is not limited to, a forfeiture money judgment and the following:

a. One Samsung Galaxy S22 cellular phone;
b. One black Cricket Alcotel cellular phone;
c. One Lenovo laptop with serial number PF1BYKLM;
d. One Samsung cellular phone with IMEI 351721113021519;
e. One Toshiba laptop with serial number YF0785506; and
f. All documents seized by law enforcement on or about May 30, 2024, including all notebooks, journals, maps, and notes reflecting planning or execution of the charged offense.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

//

//

//

//

United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: May 21, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roland Chang*
ROLAND CHANG
NEHA NIGAM
Assistant United States Attorneys